**Richard E. Weltman (rew@weltmosk.com)**
**Michael L. Moskowitz (mlm@weltmosk.com)**
**Debra Kramer (dk@weltmosk.com)**
**Adrienne Woods (aw@weltmosk.com)**
**WELTMAN & MOSKOWITZ, LLP**
*Attorneys for Debtor/Debtor-in-Possession*
270 Madison Avenue, Suite 1400
New York, New York 10016-0601
212.684.7800

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) |
| | ) |
| G.A.F. SEELIG, INC., | ) Chapter 11 Case |
| | ) |
| Debtor. | ) Case No. 17-46968 (ESS) |
| | ) |

**DEBTOR'S NOTICE OF MODIFIED TERMS FOR PRIVATE SALE OF CERTAIN ASSETS TO DAIRYLAND USA CORPORATION**

PLEASE TAKE NOTICE that, on January 3, 2018, the above captioned debtor and debtor in possession ("Debtor" or "Seller") filed the *Debtor's Motion for Entry of an Order: (I) Authorizing and Approving the Sale of Certain Assets of the Debtor Free and Clear of All Pledges, Options, Charges, Liabilities, Liens, Claims, Encumbrances and Interests by Private Sale; (II) Approving the Asset Purchase Agreement Between Debtor and Buyer; (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (IV) Granting Related Relief* (Docket No. 14) (the "Sale Motion").[1]

PLEASE TAKE FURTHER NOTICE that, pursuant to the Sale Motion, the Debtor sought, among other things, authority and approval for a private sale of certain assets to Dairyland USA Corporation ("Buyer"), free and clear of liens, claims, and interests pursuant to section 363(f) of the Bankruptcy Code, on the terms set forth in a certain Asset Purchase Agreement (the "APA") attached to the Sale Motion as Exhibit C (the latest version of which

---

[1] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Sale Motion.

was filed at Docket No. 33).

PLEASE TAKE FURTHER NOTICE that notice of the Sale Motion and the opportunity to object to the relief requested in the Sale Motion was provided to all creditors and to other parties in interest, as set forth in the certificate of service on file with the Bankruptcy Court (Docket No. 29), and no substantive objections to the private sale were received by the January 22, 2018 objection deadline.[2] The sale hearing was originally scheduled to proceed on Monday, January 29, 2018, and was thereafter adjourned to Wednesday, January 31, 2018 at 12:00 noon.

PLEASE TAKE FURTHER NOTICE that Buyer and Seller have since agreed to certain modifications to the terms of the sale transaction that, among other things, will result in less cash proceeds to be received by the Debtor's bankruptcy estate. These changes were necessitated, in part, by certain departures of the Debtor's sales force and other circumstances affecting the value of the Debtor's assets. In particular, the following summarizes the principal changes to the terms of the sale transaction:[3]

- The cash component of the purchase price is being reduced to $250,000.00 plus the Debtor's net working capital (which is presently estimated to be $0.00), subject to adjustment downward in the event that the Debtor's net working capital at closing is less than negative $500,000.00. For every dollar below a net working capital of negative $500,000.00, there will be a dollar-for-dollar reduction to the cash component of the purchase price. To the extent the net working capital is less than negative $750,000.00 (such that the cash component of the purchase price is reduced to $0.00), the Buyer will not be assuming such negative working capital in this sale transaction.

- Assumed Liabilities will still include all trade payables that are reflected in the Interim Balance Sheet or that have arisen in the ordinary course of business since the date of the Interim Balance Sheet, as set forth in detail in section 2.3(a) of the

---

[2] A limited objection to the Sale Motion was filed at Docket No. 52 by John Arena with respect to the potential assumption and assignment of a certain employment agreement. This objection was not an objection to the sale itself but to the assumption and assignment of a certain employment agreement and was rendered moot by the Buyer's decision not to seek assumption and assignment of such employment agreement.

[3] The following is only a summary. It is qualified in all respects by the actual terms and provisions set forth in the Revised APA (as defined below). In the event of any conflict, the terms and provisions of the Revised APA shall govern.

    APA (which shall be updated by Seller immediately prior to the Closing). For the avoidance of doubt, Assumed Liabilities still do not include any trade accounts payable of Seller (i) relating to workers' compensation or related Liabilities, (ii) relating to any pension plan or "multiemployer plan" (as such term is defined in Section 3(37) or Section 4001(a)(3) of ERISA) (including the Local 584 Pension Trust Fund) or (iii) that would result in Net Working Capital being less than negative Seven Hundred Fifty Thousand Dollars (-$750,000).

- The Buyer is not assuming or taking assignment of any executory contracts or unexpired leases.

- The Buyer is not acquiring tangible property aside from the Debtor's saleable inventory and certain phone equipment, as set forth in detail in the APA.

- The Buyer is not acquiring any permits of the Debtor.

- The Buyer is not hiring any employees of the Debtor. The Seller is required to terminate all of its employees at closing, and the Buyer may offer employment to any of the former employees in the Buyer's sole discretion.

- There shall be no escrow of any portion of the cash component of the purchase price for the transaction.

- Prior to and for the one (1) year period following the closing, Mr. Seelig shall reasonably cooperate with Buyer to provide assistance with certain transitional matters and with other matters relating to the Acquired Assets.

- Buyer's obligation to close is conditioned on Buyer and Clover Farms Dairy Co. entering into an agreement with Buyer.

PLEASE TAKE FURTHER NOTICE that a redline of the revised APA for the private sale (the "Revised APA") reflecting all changes to be made is attached hereto as <u>Exhibit A</u>, and all parties are encouraged to review the Revised APA in its entirety. The revised Disclosure Schedules to the Revised APA are available upon request.

PLEASE TAKE FURTHER NOTICE that a telephonic status conference regarding the date of a rescheduled sale hearing to consider approval of the Sale Motion and the private sale of certain assets to the Buyer on the terms set forth in the Revised APA will be held at 12:00 noon on **Wednesday, January 31, 2018** at the Bankruptcy Court. You may appear at the telephonic

status conference by contacting CourtCall at (866) 582-6878.

Dated:  New York, New York  
        January 29, 2018

Respectfully submitted,

**WELTMAN & MOSKOWITZ, LLP**  
*Proposed Attorneys for Debtor and Debtor in Possession*

By: /s/ Michael L. Moskowitz  
    MICHAEL L. MOSKOWITZ  
270 Madison Avenue  
New York, New York 10016  
(212) 684-7800

# EXHIBIT A

# REVISED APA AND REDLINE

Case 1-17-46968-ess    Doc 72    Filed 01/29/18    Entered 01/29/18 22:43:52