**Michael L. Moskowitz (mlm@weltmosk.com)**
**Adrienne Woods (aw@weltmosk.com)**
**WELTMAN & MOSKOWITZ, LLP**
*Attorneys for Debtor/Debtor-in-Possession*
270 Madison Avenue, Suite 1400
New York, New York 10016-0601
(212) 684-7800

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | |
| G.A.F. SEELIG, INC., | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | Case No. 17-46968-ess |
| | ) | |

**CHAPTER 11 PLAN OF LIQUIDATION OF G.A.F. SEELIG, INC.,**
**DATED DECEMBER 8, 2020**

# TABLE OF CONTENTS

Page

INTRODUCTION...……………………………………………………………...………...2

SUMMARY………………………………………………………………………………….2

ARTICLE I – DEFINTIONS AND INTERPRETATION………………………………...…2

    Section 1.1 – Definitions………………………………………………………………...2

    Section 1.2 – Rules of Interpretation……………………………………………………...9

    Section 1.3 – Application of Definitions and Rules of Construction Contained in the
Bankruptcy Code…………………………………………………………………………….9

    Section 1.4 – Other Terms………………………………………………………………...9

ARTICLE II – CLASSIFICATION OF CLAIMS AND INTERESTS…………………………..9

    Section 2.1 – Unclassified Claims………………………………………………………...9

    Section 2.2 – Criterion of Class…………………………………………………………...9

    Section 2.3 – Classified Claims and Equity Interests……………………………………..9

ARTICLE III – TREATMENT OF UNCLASSIFIED CLAIMS………………………………..10

    Section 3.1 – Administrative Expense Claims and Professional Fee Claims……………10

    Section 3.2 – Priority Tax Claims………………………………………………………..10

    Section 3.3 – Priority WARN Claim……………………………………………………..11

ARTICLE IV – CLASSIFIED CLAIMS AND EQUITY INTERESTS………………………...11

    Section 4.1 – Treatment of Classified Claims and Equity Interests……………………..11

    Section 4.2 – Reservation of Rights Regarding Claims…………………………………11

ARTICLE V – ACCEPTANCE OR REJECTION OF THE PLAN……………………………12

    Section 5.1 – Classes Entitled to Vote…………………………………………………...12

    Section 5.2 – Class Acceptance Requirement…………………………………………....12

    Section 5.3 – Deadline to Seek Temporary Allowance of Disputed Claims……………12

ARTICLE VI – IMPLEMENTATION…………………………………………………………..12

Section 6.1 – Appointment of Liquidating and Disbursing Agent………………………12

Section 6.2 – Retention of Professionals……………………………………………...12

Section 6.3 – Monthly Fee and Expense Reports………………………………………..13

Section 6.4 – Corporate Action…………………………………………………………….13

Section 6.5 – Closing of the Chapter 11 Case…………………………………………...13

Section 6.6 – Winding Down of Affairs…………………………………………………....13

Section 6.7 – Powers and Duties of Liquidating and Disbursing Agent……………...…14

Section 6.8 – Distributions to Holders of Claims and Equity Interests…………………15

    (a) Administrative Claim and Professional Fee Bar Date………………………15
    (b) Automatic Disallowance and Expungement of Certain Claims……………..15
    (c) Deadline to Object to Claims…………………………………………………...15
    (d) Distribution on Allowed Claims…………………………………………………15
    (e) No Recourse……………………………………………………………………16

Section 6.9 – Miscellaneous Distribution Provisions…………………………………....16

    (a) No Distribution in Excess of Allowed Amount of Claim……………………16
    (b) *De Minimis* Distributions………………………………………………………..16
    (c) Manner of Payments Under the Plan…………………………………………16
    (d) Setoffs……………………………………………………………………………16
    (e) Preservation and Application of Insurance……………………………………17
    (f) Address for Delivery of Distributions…………………………………………...17
    (g) Fractional Cents…………………………………………………………………17
    (h) Time Bar to Cash Payments……………………………………………..…17
    (i) Record Date for Distributions to Holders of Claims…………………..…...17
    (j) Disputed Payments………………………………………………………………18
    (k) Resignation or Removal of Liquidating and Disbursing Agent…………….....18
    (l) No Agency Relationship………………………………………………………...18
    (m) Compensation to Liquidating and Disbursing Agent…………………………18

ARTICLE VII – EFFECT OF THE PLAN ON CLAIMS AND INTERESTS………………….18

Section 7.1 – Binding Effect………………………………………………………………19

Section 7.2 – Term of Injunctions or Stays…………………………………………………19

Section 7.3 – Preservation of Causes of Action…………………………………………19

Section 7.4 – Injunctions…………………………………………………………………19

    (a) Satisfaction of Claims…………………………………………………………19
    (b) Scope of Injunction……………………………………………………………19
    (c) Cause of Action Injunction……………………………………………………20

Section 7.5 – Exculpation…………………………………………………………….20

Section 7.6 – Compromise of Controversies………………………………………………20

Section 7.7. – Releases by Debtor…………………………………………………………21

Section 7.8 – Post-Confirmation Activity…………………………………………………21

ARTICLE VIII – EXECUTORY CONTRACTS……………………………………….…21

Section 8.1 – Executory Contracts and Unexpired Leases……………………………....21

Section 8.2 – Rejection Damages Bar Date………………………………………………...22

Section 8.3 – Effects of Post-Confirmation Rejection……………………………………...22

ARTICLE IX – OCCURRENCE OF EFFECTIVE DATE………………………………...22

Section 9.1 – Conditions to Occurrence of Effective Date……………………………22

ARTICLE X – CONFIRMABILITY AND SEVERABILITY…………………………………22

Section 10.1 – Confirmability and Severability of Plan………………………………....22

ARTICLE XI – ADMINISTATIVE PROVISIONS………………………………………23

Section 11.1 – Retention of Jurisdiction……………………………………………………23

Section 11.2 – Governing Law……………………………………………………………24

Section 11.3 – Effectuating Documents, Further Transactions………………………………24

Section 11.4 – Waiver of Bankruptcy Rules 3020(e) and 7062………………………....24

Section 11.5 – No Discharge………………………………………………………………25

Section 11.6 – Headings…………………………………………………………………25

Section 11.7 – Payment of U.S. Trustee Fees and Other Statutory Fees……………....25

Section 11.8 – Governmental Carve-Out…………………………………………………...25

Section 11.9 – Disposal of Books and Records……………………………………………25

Section 11.10 – Unclaimed Property……………………………………………………25

Section 11.11 – Amendments…………………………………………………………...26

    (a)  Pre-Confirmation Amendment…………………………………………………26
    (b)  Post-Confirmation Amendment Not Requiring Resolicitation………………26
    (c)  Post-Confirmation Amendment Requiring Resolicitiation…………………..26

Section 11.12 – Successors and Assigns…………………………………………………26

Section 11.13 – Confirmation Order and Plan Control…………………………………26

Section 11.14 – Further Action…………………………………………………………26

Section 11.15 – Notices…………………………………………………………………27

Section 11.16 – Substantial Consummation……………………..………………………...27

Section 11.17 – Deemed Acts……………………………………………………………...27

## INTRODUCTION

G.A.F. Seelig, Inc., debtor and debtor in possession ("Debtor"), proposes the following plan of liquidation pursuant to section 1121 of the Bankruptcy Code. Debtor is the proponent of the Plan within the meaning of section 1129 of the Bankruptcy Code. A detailed discussion of Debtor's history, business, and other pertinent information, as well as a summary and analysis of the Plan, are set forth in the Disclosure Statement, which was approved by Order of the Bankruptcy Court dated January __, 2021. [ECF Doc. No. _ ] Any agreements and documents referenced in the Plan and/or Disclosure Statement are incorporated as if set forth in full therein and will be filed with the United States Bankruptcy Court for the Eastern District of New York.

**SUBJECT TO CERTAIN RESTRICTIONS AND REQUIREMENTS SET FORTH IN SECTION 1127 OF THE BANKRUPTCY CODE, FEDERAL RULE OF BANKRUPTCY PROCEDURE 3019 AND THIS PLAN, THE PLAN PROPONENT RESERVES THE RIGHT TO ALTER, AMEND, MODIFY, REVOKE, OR WITHDRAW THIS PLAN PRIOR TO ITS EFFECTIVE DATE.**

## SUMMARY

The Plan proposes to pay creditors of Debtor from Debtor's Assets which have been liquidated and converted into Cash. The Plan provides for one (1) Class consisting of all General Unsecured Claims and one (1) Class of Equity Interest holders. Creditors holding Allowed General Unsecured Claims will receive a Pro Rata share of the Cash available for Distribution from the General Unsecured Claims Pool within ten (10) business days of the date upon which all Class 1 Claims are deemed Allowed or Disallowed.

This Plan also provides for the payment in full of Allowed Administrative Expense Claims, Allowed Professional Fee Claims and Allowed WARN Claims entitled to priority. All capitalized terms used in the Plan shall have the same meaning as the terms defined in Article I (Definitions and Interpretation) of this Plan of Liquidation.

All Creditors and Equity Interest holders should refer to Article IV of the Plan for information regarding the precise treatment of their Claims. A Disclosure Statement that provides more detailed information regarding this Plan and the rights of Creditors and Equity Interest holders has been circulated with this Plan. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. If you do not have an attorney, you may wish to consult one.**

## ARTICLE I

## DEFINITIONS AND INTERPRETATION

**Section 1.1     Definitions.**

The following terms, when used in this Plan, the Disclosure Statement (except as otherwise provided therein) or any subsequent amendments or modifications thereof, and in

addition to those terms defined in the text of the Plan, shall have the respective meanings hereinafter set forth.

1.1.    "Administrative Expense" means any expense under sections 503(b) and 507(a)(2) of the Bankruptcy Code, excluding Professional Fee Claims, but including, without limitation: (a) the actual and necessary costs and expenses incurred by Debtor after the Petition Date of preserving the Estate or operating Debtor's business; (b) Allowed Claims pursuant to section 503(b)(9) of the Bankruptcy Code; and (c) all U.S. Trustee Fees.

1.2.    "Administrative Expense Claim" means any Claim for an Administrative Expense.

1.3.    "Administrative Expense Claim Bar Date Order" means the order of the Bankruptcy Court dated March 19, 2018 [ECF Doc. No. 153] that established May 15, 2018, the date fixed by the Bankruptcy Court as the last date by which all Creditors must file a proof of Claim against Debtor for an Administrative Expense arising on or prior to March 31, 2018, subject to certain exceptions listed in the order

1.4.    "Administrative Expense Claim Subject to Bar Date Order" means any Claim for an Administrative Expense that arose on or prior to March 31, 2018 subject to the Administrative Expense Claim Bar Date Order.

1.5.    "Administrative Expense Claim Not Subject to Bar Date Order" means any Claim for an Administrative Expense that arose after March 31, 2018 or is otherwise not subject to the Administrative Expense Claim Bar Date Order, including, without limitation, Professional Fee Claims.

1.6.    "Allowed" with respect to a Claim means the extent to which a Claim: (a) is not disallowed or expunged by stipulation or Final Order; (b) is not objected to within the period fixed by the Plan or established by the Bankruptcy Court, if the Claim (i) was scheduled by Debtor pursuant to the Bankruptcy Code and the Bankruptcy Rules and not listed as contingent, unliquidated, or disputed, or (ii) was timely filed (or deemed timely filed) pursuant to the Bankruptcy Code, the Bankruptcy Rules, or any applicable orders of the Bankruptcy Court; (c) for which an objection has been filed, but such objection has been withdrawn or denied by a Final Order (but only to the extent such Claim has been allowed); (d) determined to be valid by Liquidating and Disbursing Agent; (e) for which a request for estimation has been interposed, but such request has been withdrawn or approved by a Final Order (but only to the extent such Claim has been allowed); or (f) is otherwise allowed by Final Order, including, without limitation, the Confirmation Order, after notice and a hearing.  A proof of Claim that is not timely filed (or not deemed timely filed) shall not be "Allowed" for purposes of distribution or voting under the Plan.

1.7.    "Assets" means all legal or equitable pre-petition and post-petition interests of Debtor in any real or personal property of any nature whatsoever, including, without limitation, all property of the Estate pursuant to section 541 of the Bankruptcy Code, Cash, Available Cash, Sale Proceeds, Causes of Action, accounts receivable, tax refunds, claims of right, interests and property, real and personal, tangible and intangible, and proceeds of all of the foregoing.

1.8.    "Available Cash" means, (i) any *de minimis* Distributions; (ii) any amount represented by an undeliverable Distribution; and (iii) any voided checks.

1.9.    "Bankruptcy Code" means title 11 of the United States Code §§ 101 *et seq.*, as amended,  in effect and applicable to the Chapter 11 Case concerning Debtor.

1.10.    "Bankruptcy Court" means the United States Bankruptcy Court for the Eastern District of New York or such other court having jurisdiction over the Chapter 11 Case.

1.11.    "Bankruptcy Rules" means the Federal Rules of Bankruptcy Procedure, as promulgated by the Supreme Court of the United States, as amended, in effect and applicable to the Chapter 11 Case, including the local rules of the Bankruptcy Court, as amended from time to time.

1.12.    "Bar Date" means (i) March 22, 2018, the date fixed by the Bankruptcy Court as the last date by which all Persons, other than holders of Allowed Administrative Expense Claims, must have filed proofs of claim against Debtor, (ii) June 28, 2018, the date fixed by the Bankruptcy Court as the last date by which all governmental entities must have filed proofs of claim against Debtor, and (iii) September 7, 2018, the date fixed by the Bankruptcy Court as the last date by which all Persons, other than holders of Allowed Administrative Expenses Claims, whose scheduled Claims were amended by Debtor on July 11, 2018, must have filed proofs of claim against Debtor, unless the Bankruptcy Court has set a different date by which a specific Creditor must file a proof of Claim, in which case it means, for the specific Creditor, such different date set by the Bankruptcy Court in the order approving such Bar Date or otherwise.

1.13.    "Business Day" means any day other than a Saturday, Sunday or other day on which commercial banks in New York City are required or authorized by law to be closed.

1.14.    "Cash" means cash and cash equivalents in U.S. dollars, including, but not limited to, bank deposits, checks, and other similar items.

1.15.    "Causes of Action" means any and all Claims, rights, actions, choses in action, suits, causes of action, controversies, liens, judgments and damages belonging to Debtor or its Estate and any and all liabilities, obligations, covenants, undertakings and debts owing to the Estate, whether arising prior to, or after, the Petition Date and in each case whether known or unknown, in law, equity or otherwise, including, without limitation, receivables and those Claims and actions to avoid or recover pre-petition or post-petition transfers of money or property pursuant to applicable bankruptcy and non-bankruptcy law.

1.16.    "Chapter 11 Case" means the case commenced by Debtor on December 30, 2017 under chapter 11 of the Bankruptcy Code, administered under case number 17-46968-ess.

1.17.    "Claim" means any: (a) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such

right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured; or (c) as otherwise defined by section 101(5) of the Bankruptcy Code.

1.18.    "Class" means a category of Claims or Equity Interests described in Article II hereof.

1.19.    "Confirmation" means the Bankruptcy Court's confirmation of the Plan in accordance with section 1129 of the Bankruptcy Code.

1.20.    "Confirmation Date" means the date on which the Clerk of the Bankruptcy Court enters the Confirmation Order on the docket corresponding to the Chapter 11 Case.

1.21.    "Confirmation Hearing" means the hearing held by the Bankruptcy Court, as it may be continued from time to time, to consider Confirmation.

1.22.    "Confirmation Order" means the Order of the Bankruptcy Court confirming this Plan, or any amendment thereto, pursuant to section 1129 of the Bankruptcy Code, and any findings of fact and conclusions of law contained in the Confirmation Order or a separate document entered substantially contemporaneously therewith.

1.23.    "Creditor" means any Person who: (a) holds a Claim against Debtor that arose prior to the Petition Date; (b) holds a Claim against Debtor, which arose after the Petition Date, other than an Administrative Expense Claim of the type specified in Bankruptcy Code section 503(b); or (c) holds a Claim against Debtor of the kind specified in Bankruptcy Code sections 502(g), 502(h) or 502(i).

1.24.    "Debtor" means debtor G.A.F. Seelig, Inc., both before and after the Petition Date as a debtor-in-possession pursuant to section 1107 of the Bankruptcy Code.

1.25.    "Disallowed" means, when referring to a Claim or Equity Interest, a Claim (including a claim listed by Debtor in its schedules) or Equity Interest, or any portion of a Claim or Equity Interest, which has been disallowed or expunged by a Final Order.

1.26.    "Disclosure Statement" means the Disclosure Statement, and all exhibits annexed thereto relating to the Plan, filed in connection with the Chapter 11 Case pursuant to section 1125 of the Bankruptcy Code, and approved by an Order of the Bankruptcy Court dated January _, 2021 [ECF Doc. No. ___] as containing adequate information as that term is defined in section 1125(a)(1) of the Bankruptcy Code.

1.27.    "Disputed" means a Claim that is neither Allowed nor Disallowed, and is the subject of a dispute under the Plan or as to which Claim either Debtor or Liquidating and Disbursing Agent, as applicable, has interposed a timely objection and/or a request for estimation in accordance with section 502(c) of the Bankruptcy Code and Bankruptcy Rule 3018 or other applicable law, which dispute, objection, and/or request for estimation has not been withdrawn or determined by entry of a Final Order, and any Claim, proof of which was required to be filed by order of the Bankruptcy Court, but as to which a proof of claim was not timely or properly filed

(or deemed timely or properly filed).

1.28.    "Distribution" means any payments made pursuant to the terms of this Plan.

1.29.    "Distribution Address" means the address set forth in the applicable proof of claim, as such address may have been updated pursuant to Bankruptcy Rule 2002(g).  If no proof of claim is or has been filed with respect to a particular Claim, "Distribution Address" means the address set forth in Debtor's schedules, as such address may have been updated pursuant to Bankruptcy Rule 2002(g).

1.30.    "Distribution Date" means any date on which a Distribution is made to holders of Allowed Claims under the Plan, or as otherwise agreed. Aside from payments to holders of Unclassified Claims described herein, the Plan proposes a single Distribution within ten (10) business days after all Claims in Class 1 are deemed Allowed or Disallowed.

1.31.    "Exculpated Parties" means each of the following in his or her capacity as such, and only in its capacity as such: Debtor's Professionals, advisors, attorneys, Representatives, officers, trustees, employees (acting in such capacity) and directors.

1.32.    "Effective Date" means the date which is fourteen (14) days after the date the Confirmation Order becomes a Final Order.

1.33.    "Equity Interest" means any share, capital stock, partnership, member or similar interest in any entity, and any option, warrant, right or security (including debt securities) convertible, exchangeable or exercisable therefor, in Debtor, as of the Petition Date.

1.34.    "Estate" means Debtor's bankruptcy estate created pursuant to section 541 of the Bankruptcy Code on the Petition Date.

1.35.    "Fee Application" means the final fee application and/or an application for payment of reasonable fees and expenses filed under section 503(b) of the Bankruptcy Code by any parties seeking payment of Professional Fee Claims and/or reimbursement of expenses, as applicable, which shall be filed in accordance with Section 3.1 hereof.

1.36.    "Final Order" means an order or judgment of the Bankruptcy Court or other court of competent jurisdiction as to which the time to appeal, petition for *certiorari*, or move for reargument or rehearing has expired, and as to which no appeal, petition for *certiorari* or other proceedings for reargument or rehearing shall then be pending; *provided, however*, if an appeal, or writ of *certiorari*, reargument or rehearing thereof has been filed or sought, such order of the Bankruptcy Court or other court of competent jurisdiction shall have been affirmed by the highest court to which such order was appealed, or *certiorari* shall have been denied or reargument or rehearing shall have been denied or resulted in no modification of such order, and the time to take any further appeal, petition for *certiorari* or move for reargument or rehearing shall have expired; provided, further, that the possibility that a motion under Rule 59 or Rule 60 of the Federal Rules of Civil Procedure, or any analogous rule under the Bankruptcy Rules, may be filed with respect to such order shall not cause such order not to be a Final Order.

1.37.    "General Unsecured Claim" means a Claim that is not an Administrative Expense Claim, a Professional Fee Claim, a Priority Tax Claim, a Priority Claim or Secured Claim.

1.38.    "General Unsecured Claims Pool" means the funds remaining in the Estate after all Administrative Claims, Professional Fee Claims, U.S. Trustee Fees, and Priority Claims have been paid in full.

1.39.    "Impaired" means any Class of Claims or Equity Interests that is whose legal or equitable rights are altered within the meaning of section 1124 of the Bankruptcy Code.

1.40.    "Insider" means any Person defined as an insider under section 101(31) of the Bankruptcy Code.

1.41.    "Liquidating and Disbursing Agent" is Laura Patt of Vernon Consulting, Inc.

1.42.    "Person" means any individual, corporation, partnership, association, joint venture, limited liability company, limited liability partnership, estate, trust, unincorporated organization or governmental unit or subdivision thereof or other Entity as defined in section 101(15) of the Bankruptcy Code.

1.43.    "Petition Date" means December 30, 2017, the date Debtor filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code.

1.44.    "Plan" means this plan of liquidation and any exhibits annexed hereto and any documents delivered in connection herewith, as the same may be amended or modified from time to time by any duly authorized amendment or modification.

1.45.    "Plan Proponent" is Debtor.

1.46.    "Priority Claim" means any Claim, other than an Administrative Expense Claim, a Professional Fee Claim or a Priority Tax Claim, entitled to priority in payment under section 507(a) of the Bankruptcy Code.

1.47.    "Priority Tax Claim" means any Claim entitled to priority under section 507(a)(8) of the Bankruptcy Code.

1.48.    "Priority WARN Claim" means the Claim filed by the New York State Department of Labor under the New York State Worker Adjustment and Retraining Notification Act ("WARN") under New York State Labor Law section 860 *et seq*., in the nature of back pay and benefits for a twenty-two (22) day WARN violation period as determined by the New York State Department of Labor (in accordance with Labor Law sections 860-b and 860f(7).

1.49.    "Pro Rata" means, at any time, the proportion that an Allowed Claim bears to the aggregate amount of all Claims in a particular Class at such time, including Disputed Claims at such time (a) as calculated by Liquidating and Disbursing Agent on or before any Distribution Date; or (b) as determined or estimated by the Bankruptcy Court.

1.50.    "Professionals" means a Person (a) employed pursuant to a Bankruptcy Court order in accordance with sections 327, 363, or 1103 of the Bankruptcy Code and to be compensated for services rendered before the Effective Date, pursuant to sections 327, 328, 329, 330, 331, and 363 of the Bankruptcy Code or (b) awarded compensation and reimbursement by the Bankruptcy Court pursuant to section 503(b)(4) of the Bankruptcy Code.

1.51.    "Professional Fee Claims" means any Claim of (a) a Professional for compensation or reimbursement of costs and expenses relating to services incurred after the Petition Date, but prior to and including the Effective Date, when and to the extent any such Claim is Allowed by the Bankruptcy Court pursuant to sections 329, 330, 331, 503(b), or 1103 of the Bankruptcy Code, or (b) a Person seeking compensation and reimbursement pursuant to section 503(b)(4) of the Bankruptcy Code.

1.52.    "Professional Fee Claims Deadline" means the deadline for all Professionals or other Persons to file an application for final allowance of compensation and reimbursement of Professional Fee Claims for services rendered before the Effective Date, which deadline shall be the date which is thirty (30) days after the Effective Date.

1.53.    "Released Party" means Debtor's Professionals, advisors, attorneys, Representatives, officers, trustees, employees (acting in such capacity), and directors but only in their respective capacities as such.

1.54.    "Representative" means any Person who is authorized to act on behalf of another.

1.55.    "Sale Order" means the *Order Pursuant to Sections 105 and 363(b) of the Bankruptcy Code, Federal Rule of Bankruptcy Procedure 6004(A) and Local Bankruptcy Rule 6004-1 Authorizing Debtor to conduct a Public and Online Auction to Sell Certain Assets Free and Clear of All Liens, Claims and Encumbrances, Approving the Terms and Conditions of Sale, and Granting Related Relief* [ECF Doc. No. 154].

1.56.    "Sale Proceeds" means the proceeds of sale of Debtor's equipment, inventory and other assets sold at auction pursuant to the Sale Order.

1.57.    "Temporarily Allowed" means Claims that are Disputed but have been temporarily allowed by the Bankruptcy Court for voting purposes pursuant to Bankruptcy Rule 3018(a).

1.58.    "U.S. Trustee" means the United States Trustee for Region 2.

1.59.    "U.S. Trustee Fees" means all fees and charges assessed against the Estate by the U.S. Trustee and due pursuant to section 1930 of title 28 of the United States Code, together with interest, if any, pursuant to section 3717 of title 31 of the United States Code.

1.60.    "Unclassified Claims" means Administrative Expense Claims, Professional Fee Claims and Priority Tax Claims.

### Section 1.2    Rules of Interpretation.

Unless otherwise specified, all section, article, and exhibit references in the Plan are to the respective section in, article of, or exhibit to, the Plan, as the same may be amended, waived, or modified from time to time. Words denoting the singular number shall include the plural number and *vice versa*, as appropriate, and words denoting one gender shall include the other gender. The Disclosure Statement may be referred to for purposes of interpretation to the extent any term or provision of the Plan is determined by the Bankruptcy Court to be ambiguous.

### Section 1.3    Application of Definitions and Rules
### of Construction Contained in the Bankruptcy Code.

Words and terms defined in section 101 of the Bankruptcy Code shall have the same meanings when used in the Plan, unless a different definition is given in the Plan. The rules of construction contained in section 102 of the Bankruptcy Code shall apply to the construction of the Plan.  A term used in the Plan that is not defined shall have the meaning ascribed to that term, if any, in the Bankruptcy Code.

### Section 1.4    Other Terms.

The words "herein," "hereof," "hereto," "hereunder," and others of similar import refer to the Plan as a whole and not to any particular section, subsection, or clause contained in the Plan.

### ARTICLE II. CLASSIFICATION OF CLAIMS AND INTERESTS

### Section 2.1    Unclassified Claims.

As provided by section 1123(a)(1) of the Bankruptcy Code, Administrative Expense Claims, Professional Fee Claims, Priority Tax Claims and Priority WARN Claim shall not be classified under the Plan, but instead shall be treated separately, as Unclassified Claims, on the terms set forth in Article III of the Plan.

### Section 2.2    Criterion of Class.

A Claim is in a particular Class only to the extent that the Claim qualifies within the description of that Class, and is in a different Class to the extent that the remainder of such Claim qualifies within the description of the different Class.

### Section 2.3    Classified Claims and Equity Interests.

The Classified Claims against and Equity Interests in Debtor are:

(a)    **Class 1 - General Unsecured Claims**.

Class 1 Claims shall consist of the General Unsecured Claims against Debtor.  Class 1 is Impaired.

(b)    **Class 2 – Equity Interests.**

The Class 2 Equity Interests shall consist of all Equity Interests in Debtor.  Class 2 Equity Interests are Impaired.

# ARTICLE III.

## TREATMENT OF UNCLASSIFIED CLAIMS

As set forth below, the Administrative Expense Claims, Professional Fee Claims and Priority Claims shall be treated in accordance with sections 1129(a)(9)(A) and 1129(a)(9)(c) of the Bankruptcy Code, respectively.

**Section 3.1    Administrative Expense Claims and Professional Fee Claims.**

(i)    **Administrative Expense Claims**. Subject to the Administrative Expense Claim Bar Date and other provisions in the Plan, and except to the extent Liquidating and Disbursing Agent, as applicable, and the holder of an Allowed Administrative Expense Claim agree to different and less favorable treatment, Liquidating and Disbursing Agent shall pay to each holder of an Allowed Administrative Expense Claim, in full satisfaction and release of such Claim, Cash in an amount equal to such Allowed Administrative Expense Claim on the later of (i) the Effective Date and (ii) the first Business Day after the date upon which such Administrative Expense Claim becomes an Allowed Administrative Expense Claim or as soon thereafter as is practicable.

(i)    **Professional Fee Claims.**  All Professionals or other Persons requesting compensation or reimbursement of Professional Fee Claims for services rendered before the Effective Date (including compensation requested by any Professional or other entity for making a substantial contribution in the Chapter 11 Case) shall file an application for final allowance of compensation and reimbursement of expenses no later than the Professional Fee Claims Deadline.  Objections to applications of Professionals or other entities for compensation or reimbursement of expenses must be filed no later than twenty-one (21) days after any such application is filed.  All compensation and reimbursement of expenses allowed by the Bankruptcy Court shall be paid by Liquidating and Disbursing Agent to the applicable Professional or other entities requesting compensation or reimbursement of Professional Fee Claims as soon as is practicable after any such Professional Fee Claims are Allowed.

(ii)    **U.S. Trustee Fees.** Debtor and/or Liquidating and Disbursing Agent, as applicable, shall pay all applicable U.S. Trustee Fees, in accordance with the terms of this Plan, until such time as the Bankruptcy Court enters an order (a) dismissing the Chapter 11 Case, (b) converting the Chapter 11 Case to a case under chapter 7 of the Bankruptcy Code, or (c) of final decree closing the Chapter 11 Case.

**Section 3.2    Priority Tax Claims.**

Subject to other provisions in the Plan, and except to the extent Debtor or Liquidating and

Disbursing Agent, as applicable, and the holder of an Allowed Priority Tax Claim agree to different and less favorable treatment, Liquidating and Disbursing Agent shall pay, in full satisfaction and release of such Claim, to each holder of an Allowed Priority Tax Claim, Cash, an amount equal to such Allowed Priority Tax Claim, on the later of (i) the Effective Date and (ii) the first Business Day after the date that is thirty (30) calendar days after the date on which such Priority Tax Claim becomes an Allowed Priority Tax Claim, or as soon thereafter as is practicable.

**Section 3.3 Priority WARN Claim**.

Subject to other provisions in the Plan, Liquidating and Disbursing Agent shall pay to the New York State Department of Labor, in full satisfaction and release of such Proof of Claim numbered 104, $350,265.85 in Cash on the Effective Date or as soon thereafter as is practicable pursuant to the Order Approving Stipulation of Settlement With New York State Department of Labor.  [ECF Doc. No. 310]  DOL shall be responsible, as provided in the DOL Settlement, for distributing the funds to individual claimholders.

## ARTICLE IV.

## CLASSIFIED CLAIMS AND EQUITY INTERESTS

**Section 4.1    Treatment of Classified Claims and Equity Interests.**

The Classes of Claims against and Equity Interests shall be treated as follows:

(a)    **Class 1 – General Unsecured Claims.**

Class 1 General Unsecured Claims are Impaired and, as such, each holder of a General Unsecured Claim is entitled to vote to accept or reject the Plan.

Holders of Allowed Class 1 Claims shall be paid on the later of (i) the Effective Date and (ii) the date within ten (10) business days after the date on which all Disputed General Unsecured Claims are Allowed or Disallowed by final order of the Bankruptcy Court.  Each such holder of an Allowed General Unsecured Claim shall receive: (a) a Pro Rata share of the General Unsecured Claims Pool , or (b) such other lesser treatment as may be agreed upon by Liquidating and Disbursing Agent and the holder of such Allowed General Unsecured Claim.

(b)    **Class 2 – Equity Interests.**

Class 2 Equity Interests are Impaired as they will receive no Distribution under the Plan. Class 2 Equity Interests are deemed to reject the Plan and, as such, are not entitled to vote to accept or reject the Plan.

On the Effective Date, all Class 2 Equity Interests will be deemed canceled, null and void and of no force and effect.

**Section 4.2    Reservation of Rights Regarding Claims.**

Except as otherwise explicitly provided in the Plan, nothing shall affect, as applicable, Debtor or Liquidating and Disbursing Agent's rights, defenses, and counterclaims, both legal and equitable, with respect to any Claims, including, but not limited to, all rights of setoff or recoupment.

## ARTICLE V.

### ACCEPTANCE OR REJECTION OF THE PLAN

**Section 5.1    Classes Entitled to Vote.**

Class 1, comprised of General Unsecured Claims, is the only Class entitled to vote to accept or reject the Plan. All holders of Allowed and Temporarily Allowed General Unsecured Claim shall be entitled to vote on the Plan.

**Section 5.2    Class Acceptance Requirement.**

A Class of Claims shall have accepted the Plan if it is accepted by at least two-thirds (2/3) in amount and more than one-half (1/2) in number of the Allowed Claims and Temporarily Allowed Claims in such Class that have voted on the Plan.

**Section 5.3    Deadline to Seek Temporary Allowance of Disputed Claims.**

The deadline for holders of Disputed General Unsecured Claims to file motions for temporary allowance of their claims for voting purposes pursuant to Bankruptcy Rule 3018(a) shall be the date that is ten (10) business days following the date the Bankruptcy Court enters and order approving the Disclosure Statement.  Holders of Disputed General Unsecured Claims that fail to file a motion to temporary allowance by the deadline, or whose motions for temporary allowance are denied by the Court, shall not be entitled to vote to accept or reject the Plan.

## ARTICLE VI.

### IMPLEMENTATION

**Section 6.1    Appointment of Liquidating and Disbursing Agent.**

Upon the Effective Date of the Plan, Liquidating and Disbursing Agent shall be the Estate's sole representative in accordance with section 1123 of the Bankruptcy Code and shall have all powers, authority, and responsibilities specified in the Plan, including, without limitation, the powers of a trustee under sections 704 and 1106 of the Bankruptcy Code.

**Section 6.2    Retention of Professionals.**

The Liquidating and Disbursing Agent may employ professionals or other Persons as are necessary to assist in carrying out its duties, without further order of the Bankruptcy Court. The Debtor's professionals retained during the Chapter 11 Case pursuant to Orders of the Bankruptcy

Court are authorized to continue to render services to and on behalf of the Liquidating and Disbursing Agent without further orders of the Bankruptcy Court, to the extent requested by the Liquidating and Disbursing Agent.

### Section 6.3    Monthly Fee and Expense Reports.

The Liquidating and Disbursing Agent and any professional providing services on behalf of the Liquidating and Disbursing Agent shall file with the Bankruptcy Court and provide to the U.S. Trustee reports of compensation earned and expenses incurred ("Compensation Reports") on a monthly basis. Compensation Reports shall contain summary charts describing the services provided, the compensation earned and the expenses incurred. Time records shall be (i) appended to the Compensation Reports, (ii) contain detailed time entries describing the task(s) performed, and (iii) be organized by the project category. Where personnel are providing services at an hourly rate, the time entries shall identify the time spent completing each task in 1/10 of an hour increments and the corresponding charge (time multiplied by hourly rate) for each task; where personnel are providing services at a "flat" rate, the time entries shall be kept in hourly increments. All such compensation shall be subject to review by this Court if an objection is filed by any party in interest.

### Section 6.4    Corporate Action.

The Plan will be administered by the Liquidating and Disbursing Agent and all actions taken under the Plan in Debtor's name shall be taken through Liquidating and Disbursing Agent in accordance with the provisions of the Plan. After the final Distribution is made, Liquidating and Disbursing Agent shall file a certification to that effect with the Bankruptcy Court (which may be included in the application for the entry of the final decree pursuant to the Bankruptcy Code), at which time Debtor shall be deemed dissolved for all purposes without the necessity for any other or further action by or on behalf of Debtor or payments to be made in connection therewith.

### Section 6.5    Closing of the Chapter 11 Case.

After all Disputed Claims filed against Debtor have become Allowed Claims or have been Disallowed, and all Cash has been distributed in accordance with the Plan, Liquidating and Disbursing Agent shall seek authority from the Bankruptcy Court to close the Chapter 11 Case.

### Section 6.6    Winding Down of Affairs.

Following the Effective Date, Debtor shall not engage in any business or take any actions, except those necessary to consummate the Plan and wind down its affairs. On and after the Effective Date, Liquidating and Disbursing Agent may, in the name of Debtor, take such actions without supervision or approval by the Bankruptcy Court and free of any restrictions of the Bankruptcy Code or the Bankruptcy Rules, other than the restrictions imposed by the Plan or the Confirmation Order. Debtor's professionals retained during the Chapter 11 Case pursuant to Orders of the Bankruptcy Court are authorized to continue to render services to and on behalf of the Liquidating and Disbursing Agent without further orders of the Bankruptcy Court.

**Section 6.7    Powers and Duties of Liquidating and Disbursing Agent.**

As of the Confirmation Date, Liquidating and Disbursing Agent shall be appointed under section 1123(b)(3)(B) of the Bankruptcy Code, and shall serve in such capacity, and shall have comparable authority as a bankruptcy trustee of Debtor as the exclusive representative of the Estate or any corresponding provision of federal or state laws and shall succeed to all of Debtor's and Estate's rights.   The powers, rights, and responsibilities of Liquidating and Disbursing Agent, all of which shall arise upon the occurrence of the Confirmation Date, shall include, without limitation:

(a)    asserting, prosecuting, objecting to, pursuing, compromising and settling in accordance with Liquidating and Disbursing Agent's reasonable business judgment, all matters affecting the Estate, including, without limitation, Disputed Claims, and/or other Causes of Action related thereto, subject to a motion for approval of such compromise or settlement and order of the Bankruptcy Court approving the same;

(b)    asserting and enforcing all legal or equitable remedies and defenses belonging to Debtor or its Estate, including, without limitation, setoff, recoupment and any rights under section 502(d) of the Bankruptcy Code;

(c)    acting on behalf of Debtor in all adversary proceedings and contested matters then pending or that can be commenced in the Bankruptcy Court and in all actions and proceedings pending or commenced elsewhere, and to settle, retain, enforce, dispute, or adjust any Claim and otherwise pursue actions involving Assets of Debtor that could arise or be asserted at any time under the Bankruptcy Code, unless otherwise, waived, relinquished or transferred in the Plan;

(d)    taking such actions Liquidating and Disbursing Agent deems appropriate in his or her reasonable business judgment against any Person with respect to a Claim or Cause of Action and commencing any process or proceeding in the Bankruptcy Court or in any court of competent jurisdiction in accordance with applicable laws;

(e)    making Distributions to holders of all Allowed Claims, including Administrative, Priority, and Professional Fee Claims, in addition to payments to holders of Allowed Class 1 Claims, in accordance with the Plan;

(f)    proceeding with and employing all discovery devices permitted under applicable law, including Rule 2004 of the Bankruptcy Rules, to investigate Claims and Causes of Action;

(g)    investing Cash in accordance with section 345 of the Bankruptcy Code, withdrawing and making Distributions of Cash to holders of Allowed Claims and paying taxes and other obligations owed by Debtor or incurred by Liquidating and Disbursing Agent in accordance with the Plan;

(h)    coordinating turnover of property, if any, subject to rejected executory contracts or abandonment or liquidation of any retained Assets and disposing of, and delivering title to others of, or otherwise realizing value of, any remaining Assets;

(i)    overseeing compliance with Debtor's accounting, finance, and reporting obligations and the filing of final tax returns, refund requests, audits, and other corporate dissolution documents, if required;

(j)    preparing financial statements and U.S. Trustee post-confirmation quarterly reports, until such time as the Bankruptcy Court enters an order (i) dismissing the Chapter 11

Case, (ii) converting the Chapter 11 Case to a case under chapter 7 of the Bankruptcy Code, or (iii) approving a final decree closing the Chapter 11 Case;

(k)      paying all other expenses to wind down Debtor's affairs subject to the terms of the Plan;

(l)      executing and delivering all documents, and taking all actions, necessary to consummate the Plan;

(m)      implementing and/or enforcing all provisions of the Plan; and

(n)      such other powers as may be vested in or assumed by Liquidating and Disbursing Agent pursuant to the Confirmation Order or any other Bankruptcy Court order, or as necessary and appropriate to carry out the provisions of the Plan.

### Section 6.8      Distributions to Holders of Claims and Equity Interests.

**(a)      Administrative Claim and Professional Fee Bar Date.**

The deadline for filing a claim on account of an Administrative Expense Claim Subject to Bar Date Order has passed, and any such claim for which a proof of claim was not timely filed shall be deemed disallowed.

The deadline for filing a claim on account of an or application for allowance of an Administrative Expense Claim Not Subject to Bar Date Order, including, without limitation, Administrative Expense Claims arising after March 31, 2018 and Professional Fee Claims, shall be date that is thirty (30) days after the Effective Date of the Plan.

**(b)      Automatic Disallowance and Expungement of Certain Claims.**

All late-filed Claims shall be expunged and disallowed without any further notice to or action, order, or approval of the Bankruptcy Court.

**(c)      Deadline to Object to Claims.**

The deadline for a party in interest to file an objection to any Claim for a General Unsecured Claim, Priority Claim, or and Administrative Claim other than a Professional Fee Claim shall be the later of (a) the Effective Date, or (b) twenty-one (21) days after the date the proof of claim for such Claim is filed.

The Deadline for objecting to an application for Professional Fees shall be seven (7) days prior to the hearing on such application or such later date as listed in the notice of hearing with respect to such application or as permitted by the Bankruptcy Court.

**(d)      Distribution on Allowed Claims.**

Following the Effective Date and in accordance the Plan, Distributions shall be made as follows:

(i)      Allowed Administrative Claims, including those of Professionals, Priority Claims, and U.S. Trustee Fees shall be paid on the earlier of when they become due and ten (10) business days after the Effective Date of the Plan, in Cash, in full.

(ii)　　Class 1 - General Unsecured Claims. Holders of Allowed Class 1 Claims shall receive a Pro Rata Distribution from the General Unsecured Claim Fund on the later of (i) ten (10) days after the date all Administrative Claims, Profession Fee Claims, U.S. Trustee Fees, and Priority Claims have been paid in full. and (ii) ten (10) days after the date upon which all Disputed Class 1 Claims are Allowed or Disallowed by Final Order of the Court.

(iii)　　Class 2 – Equity Interests. Holders of Class 2 Equity Interests will receive no Distribution under the Plan.

(iv)　　**Resolution of Disputed Claims.** No Distribution or payment shall be made on account of any Disputed Claim until such Disputed Claim becomes an Allowed Claim by Final Order of the Bankruptcy Court.  No payments will be made to holders of Allowed Class 1 General Unsecured Claims until all Disputed Class 1 Claims are Allowed or Disallowed by Final Order of the Court.

(v)　　**Duties in Connection with Disputed Claims.** Liquidating and Disbursing Agent shall continue to prosecute, object to, settle, or otherwise resolve Disputed Claims, and shall make Distributions to holders of Disputed Claims that subsequently become Allowed Claims in accordance with the Plan. Any proposed settlement or compromise of a Disputed Claim must be approved by the Court upon proper motion and notice.

(e)　　**No Recourse.**　Notwithstanding that the Allowed amount of any particular Disputed Claim is reconsidered under the applicable provisions of the Bankruptcy Code and Bankruptcy Rules or is Allowed in an amount for which, after application of the payment priorities established by the Plan, there is insufficient value to provide a recovery equal to that received by other holders of Allowed Claims in such Class, no Claim holder shall have recourse against Debtor, the Estate, Liquidating and Disbursing Agent, or any of their respective professionals, consultants, officers, directors, or members, or their successors or assigns, or any of their respective property.  Except as specifically stated otherwise in the Plan, nothing in the Plan shall modify any right of a holder of a Claim under section 502(j) of the Bankruptcy Code.

### Section 6.9　　Miscellaneous Distribution Provisions.

(a)　　**No Distribution in Excess of Allowed Amount of Claim.** Notwithstanding anything to the contrary, no holder of an Allowed Claim shall receive any Distribution in excess of the amount of such Allowed Claim.

(b)　　***De Minimis* Distributions.** Liquidating and Disbursing Agent shall not be required to make any Cash payment of less than twenty-five dollars ($25.00).

(c)　　**Manner of Payments Under the Plan.**　Unless the Person or Entity receiving a Distribution agrees otherwise, any Distribution to be made in Cash under the Plan shall be made by check drawn on a domestic bank.

(d)　　**Setoffs.**　Liquidating and Disbursing Agent is authorized, to the extent permitted by applicable law, to set off against any Allowed Claim and the Distributions to be made on account of such Allowed Claim, the Claims, rights, and Causes of Action of any nature that the

Estate may hold against the holder of such Allowed Claim; provided, however, (i) Liquidating and Disbursing Agent must provide the holder of such Allowed Claim no less than five (5) days' notice, in writing (including email), of the proposed setoff, and (ii) the holder of such Allowed Claim does not object to the proposed setoff. If an objection is timely raised to a proposed setoff, Liquidating and Disbursing Agent may seek relief from the Bankruptcy Court to effectuate the setoff. Neither the failure to affect such a setoff nor the allowance of any Claim under the Plan shall constitute a waiver or release by the Estate or Liquidating and Disbursing Agent of any such Claims, rights, and Causes of Action the Estate may have against such holder.

(e)    **Preservation and Application of Insurance.** The provisions of the Plan shall not diminish or impair in any manner the enforceability of coverage of any insurance policies (and any agreements, documents, or instruments relating thereto) that may cover Claims against Debtor, any directors, trustees, or officers of Debtor, or any other Person, including, without limitation, insurance for Debtor's directors and officers.

(f)    **Address for Delivery of Distributions.** Subject to Bankruptcy Rule 9010, any Distribution or delivery to a holder of an Allowed Claim shall be made at the address of such holder as set forth in the Plan. If any Distribution is returned to Liquidating and Disbursing Agent as undeliverable, no Distributions shall be made to such holder unless Liquidating and Disbursing Agent is notified of such holder's then current address within sixty (60) days after such Distribution was returned. After that date, if such notice was not provided, a holder shall have forfeited its right to any Distribution, and any Cash that otherwise would be distributed to such Claim holder shall be reallocated and distributed to all other holders of Allowed Claims in accordance with the Plan. Liquidating and Disbursing Agent shall require any holder of Allowed Administrative Expense Claims, Allowed Professional Fee Claims, Priority WARN Claim and Allowed Class 1 Claim to furnish, in writing, an Employer Identification Number or Taxpayer Identification Number as assigned by the Internal Revenue Service and may condition any Distribution to any holder of an Allowed Claim upon provision of such identification number.

(g)    **Fractional Cents.** Notwithstanding any other provision of the Plan, no payments of fractional cents will be made. If any payment of a fraction of a cent would otherwise be called for, the actual payment shall reflect a rounding of such fraction to the nearest whole cent (up or down).

(h)    **Time Bar to Cash Payments.** Checks issued by Liquidating and Disbursing Agent in respect of Allowed Claims shall be null and void if not negotiated within ninety (90) days after the date of issuance. Requests for reissuance of any check shall be in writing to Liquidating and Disbursing Agent by the holder of the Allowed Claim to whom such check originally was issued. Any such written claim in respect of such a voided check must be received by Liquidating and Disbursing Agent on or before ninety (90) days after the expiration of the ninety (90) day period following the date of issuance of such check. Thereafter, the amount represented by such voided check shall irrevocably revert to the Estate and be treated as Available Cash. Any Claim in respect of such voided check shall be discharged and forever barred from assertion against Debtor, Estate or Liquidating and Disbursing Agent.

(i)    **Record Date for Distributions to Holders of Claims.** As of the close of business on the Confirmation Date, there shall be no further changes in the record holders of

Claims for purposes of Distributions.  Distributions to Creditors entitled thereto shall be sent to Creditor's last known address as set forth on the proof of claim that was filed with the Bankruptcy Court or, if no proof of claim is filed, on the Schedules filed by Debtor or to such other address as may be designated by Creditor in writing to Debtor and its counsel.  Liquidating and Disbursing Agent shall have no obligation to recognize any transfer of Claims occurring after the Confirmation Date.

(j)    **Disputed Payments.**  If any dispute arises as to the identity of a holder of an Allowed Claim who is to receive any Distribution, Liquidating and Disbursing Agent may, in lieu of making such Distribution to such Person, make such Distribution into an escrow account to be held in trust for the benefit of such holder and such Distribution shall not constitute property of the Estate.  Such Distribution shall be held in escrow until entry of an order by the Bankruptcy Court or other court of competent jurisdiction affirming the alleged holder's identity or upon written agreement signed by all of the interested parties to such dispute.

(k)    **Resignation or Removal of Liquidating and Disbursing Agent.**  If Liquidating and Disbursing Agent resigns, is removed or becomes incapacitated, Debtor shall designate a successor Liquidating and Disbursing Agent, subject to Bankruptcy Court approval.  The successor Liquidating and Disbursing Agent shall be vested with the same rights, powers, duties and obligations as his or her predecessor.  No successor Liquidating and Disbursing Agent shall in any event have any liability or responsibility for the acts or omissions of any of his or her predecessor.

(l)    **No Agency Relationship.**  Liquidating and Disbursing Agent shall not be deemed to be an agent for any holders of Claims in connection with the funds held or distributed pursuant to the Plan.  Liquidating and Disbursing Agent shall not be liable for any mistake of fact or law, error of judgment or for any act or omission of any kind unless arising from gross negligence, willful misconduct, or breach of fiduciary duty.  Liquidating and Disbursing Agent shall be indemnified and held harmless, including the cost of defending such claims and attorneys' fees in seeking indemnification, by the Estate.  Such indemnification shall apply to any and all claims arising out of Liquidating and Disbursing Agent's duties under the Plan, except to the extent that his or her actions constitute gross negligence, willful misconduct, or breach of fiduciary duty.  Liquidating and Disbursing Agent may conclusively rely, and shall be fully protected in acting upon, any statement, instrument, opinion, report, notice, request, consent, order, or other instrument or document, upon which he or she relies while believing it to be genuine and to have been signed or presented by the proper party or parties.  Liquidating and Disbursing Agent may also rely upon information previously generated by Debtor and such additional information provided by former affiliates of Debtor.  The liability of Liquidating and Disbursing Agent shall be capped at the amount of fees that Liquidating and Disbursing Agent receives in connection with the Chapter 11 Case.

(m)    **Compensation to Liquidating and Disbursing Agent.**    Liquidating and Disbursing Agent shall receive compensation of $425 per hour; provided, however, that any administrative work will be performed at the rate of $175 per hour.

**ARTICLE VII.**

## EFFECT OF THE PLAN ON CLAIMS AND INTERESTS

### Section 7.1    Binding Effect.

Except as otherwise provided in section 1141(d) of the Bankruptcy Code, on and after the Confirmation Date, the provisions of the Plan shall bind any holder of a Claim against Debtor who held such Claim at any time during the Chapter 11 Case and its successors and assigns, whether or not the Claim of such holder is Impaired under the Plan and whether or not such holder has accepted (or has been deemed to accept) the Plan.

### Section 7.2    Term of Injunctions or Stays.

Unless otherwise provided herein, all injunctions or stays provided for in the Chapter 11 Case pursuant to sections 105 or 362 of the Bankruptcy Code, or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect until the Chapter 11 Case is closed.

### Section 7.3    Preservation of Causes of Action.

On the Effective Date, all Causes of Action, rights of setoff and other legal and equitable defenses of Debtor and Estate shall be transferred to and vested in Liquidating and Disbursing Agent, for the benefit of holders of all Allowed Claims, unless expressly released, waived, or relinquished under the Plan, the Confirmation Order or other order of the Bankruptcy Court.  No Person may rely on the absence of a specific reference in the Plan or the Disclosure Statement to any Cause of Action against them as an indication that Liquidating and Disbursing Agent will not pursue a Cause of Action against them.

Liquidating and Disbursing Agent shall exclusively retain and may prosecute and enforce, and Debtor expressly reserves and preserves for these purposes, in accordance with sections 1123(a)(5)(B) and 1123(b)(3) of the Bankruptcy Code, any Claims, demands, rights and Causes of Action.

No preclusion doctrine, including, without limitation, the doctrines of *res judicata*, collateral estoppel, issue preclusion, claim preclusion, estoppel (judicial, equitable or otherwise), claim-splitting or laches shall apply to such claims and Causes of Action by virtue of, or in connection with, the Confirmation, consummation or effectiveness of the Plan.

### Section 7.4    Injunctions.

(a)    **Satisfaction of Claims.** The treatment to be provided for Allowed Claims shall be in full and final satisfaction, settlement, and release of each such Claim.

(b)    **Scope of Injunction.** Except as otherwise provided herein or in the Confirmation Order, as of the Effective Date all Persons that hold a Claim are permanently enjoined from taking any of the following actions against Debtor, its affiliates, Liquidating and Disbursing Agent or any present and former directors, officers, trustees, agents, attorneys, advisors, members, or employees of Debtor, its affiliates, Liquidating and Disbursing Agent or any of their respective successors or assigns, or any of their respective assets or properties, on account of any Claim: (i) commencing or continuing in any manner any action or other proceeding with respect

to a Claim or based upon a theory which arises out of such holder's Claim; (ii) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree or order with respect to a Claim; (iii) creating, perfecting or enforcing any lien or encumbrance with respect to a Claim; (iv) asserting a setoff, right of subrogation or recoupment of any kind with respect to a Claim, the Assets or other property of the Estate; and (v) commencing or continuing any action that does not comply with or is inconsistent with the Plan. Nothing shall preclude the holder of a Claim from pursuing any applicable insurance after the Chapter 11 Case is closed, from seeking discovery in actions against third parties or from pursuing third party insurance that does not cover Claims against Debtor.  For the avoidance of doubt, nothing in this Injunction shall limit the rights of a holder of a Claim to enforce the terms of the Plan.

(c)      **Cause of Action Injunction.** On and after the Effective Date, all Persons other than Liquidating and Disbursing Agent will be permanently enjoined from commencing or continuing in any manner any action or proceeding (whether directly, indirectly, derivatively, or otherwise) on account of, or respecting any Claim, debt, right, or Cause of Action that Liquidating and Disbursing Agent retains authority to pursue in accordance with the Plan.

### Section 7.5     Exculpation.

**Except as otherwise set forth in the Plan, neither Debtor nor the Exculpated Parties shall have or incur any liability to any Person for any action taken or omitted to be taken between the Petition Date and the Effective Date in connection with or related to the formulation, preparation, dissemination, implementation, confirmation, or consummation of the Plan, the Disclosure Statement, the Sale Order or any contract, release, or other agreement or document created or entered into, or any other action taken or omitted to be taken in connection with the Plan, the administration of the Plan or property to be distributed pursuant to the Plan, and actions taken or omitted to be taken in connection with the Chapter 11 Case or the operations, monitoring, or administration of Debtor during the Chapter 11 Case; _provided, however_, that such action taken or not taken by such Person was specifically on behalf of Debtor and in conjunction with the Chapter 11 Case, _provided further_, _however_ that the Exculpated Parties did not engage in fraud, gross negligence, willful misconduct, or acts performed outside the scope of section 1108 of the Bankruptcy Code not authorized by the Bankruptcy Court. Liquidating and Disbursing Agent shall have no liability for any action taken or omitted to be taken in connection with or related to the winding down and post-confirmation administration of the Estate, except for fraud, gross negligence, or willful misconduct, and (ii) solely in the case of attorneys, to the extent that such exculpation would violate any applicable professional disciplinary rules, including Rule 1.8(h) of the New York State Rules of Professional Conduct.**

### Section 7.6     Compromise of Controversies.

Pursuant to Bankruptcy Rule 9019, and in consideration for the classification, distribution, and other benefits provided under the Plan, the provisions of the Plan shall constitute a good faith compromise and settlement of all Claims and controversies resolved pursuant to the Plan, including, without limitation, all Claims arising prior to the Effective Date, whether known or unknown, foreseen or unforeseen, asserted or unasserted, arising out of,

relating to, or in connection with the business or affairs of or transactions with Debtor. The entry of the Confirmation Order shall constitute the Bankruptcy Court's approval of each of the foregoing compromises or settlements, and all other compromises and settlements provided for in the Plan, and the Bankruptcy Court's findings shall constitute its determination that such compromises and settlements are in the best interests of Debtor, Estate, Creditors, and other parties in interest, and are fair, equitable, and within the range of reasonableness.

### Section 7.7    Releases by Debtor.

**Pursuant to section 1123(b) of the Bankruptcy Code, and except as otherwise specifically provided in the Plan, for good and valuable consideration, on and after the Effective Date, each Released Party and the respective advisors, attorneys, and Representatives of any professional employed by any of them is deemed released, solely in their capacity in acting on behalf of Debtor or Estate, by Debtor and Estate from any and all claims, obligations, rights, suits, damages, causes of action, remedies, and liabilities whatsoever, including any derivative claims, asserted on behalf of Debtor, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, whether for tort, contract, violations of federal or state securities laws, or otherwise, that Debtor or its Estate would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim or Equity Interest or other Person, based on or relating to, or in any manner arising from, in whole or in part, the Chapter 11 Case, the subject matter of any Claim or Equity Interest that is treated in the Plan, the negotiation, formulation, or preparation of the Plan, the Disclosure Statement, the Sale process, the Sale Order, or related agreements, instruments, or other documents, or upon any other act or omission, transaction, agreement, event, or other occurrence relating to Debtor, in connection with the Chapter 11 Case, *provided, however*, that the Released Parties did not engage in fraud, willful misconduct, or gross negligence, taking place on or before the Effective Date.**

### Section 7.8    Post-Confirmation Activity.

As of the Effective Date, Liquidating and Disbursing Agent may conclude the winding down of Debtor's affairs and the payment of Distributions without supervision of the Bankruptcy Court and subject to those restrictions expressly imposed by the Plan and Confirmation Order. Without limiting the foregoing, Liquidating and Disbursing Agent may pay any charges it incurs for taxes, professional fees, disbursements, expenses, or related support services, in connection with his or her respective duties after the Effective Date without application to, and approval of, the Bankruptcy Court.

## ARTICLE VIII.

## EXECUTORY CONTRACTS

### Section 8.1    Executory Contracts and Unexpired Leases.

To the extent not previously rejected on the Confirmation Date, but subject to the occurrence of the Effective Date, all prepetition executory contracts and unexpired leases of

Debtor that have not previously been assumed or rejected shall be deemed rejected by Debtor pursuant to the provisions of section 365 of the Bankruptcy Code.

### Section 8.2    Rejection Damages Bar Date.

Claims for damages based upon executory contracts and unexpired leases rejected pursuant to this Plan must be filed with the Clerk of the Bankruptcy Court and served upon Debtor and Liquidating and Disbursing Agent not later than thirty (30) days after the date of service of notice of entry of the Confirmation Order, or such other period set by the Bankruptcy Court. Claims for damages not timely filed shall be forever barred and shall not be enforceable against Debtor, Estate, or Liquidating and Disbursing Agent. This provision applies only to executory contracts and unexpired leases rejected by this Plan and does not extend any previous Bar Dates established by Final Orders of the Bankruptcy Court.

### Section 8.3    Effect of Post-Confirmation Rejection.

Executory contracts and unexpired leases rejected pursuant to this Plan and entry of the Confirmation Order shall result in such rejection being a prepetition breach under sections 365(g) and 502(g) of the Bankruptcy Code.

## ARTICLE IX.

## OCCURRENCE OF EFFECTIVE DATE

### Section 9.1    Conditions to Occurrence of Effective Date.

The Effective Date for the Plan is the fourteenth (14th) business day following the date upon which the Confirmation Order becomes a Final Order; *provided, however*, that if that date falls on a Saturday, Sunday or legal holiday, or if a stay of the Confirmation Order is in effect on that date, the Effective Date will be the first business day after that date on which no stay of the Confirmation Order is in effect.

If the Confirmation Order is vacated pursuant the Plan, then the Plan shall be null and void in all respects, and nothing contained in the Plan shall: (a) constitute a waiver or release of any Claims by or against Debtor, or (b) prejudice in any manner the rights of Debtor or of any other party in interest.

## ARTICLE X.

## CONFIRMATBILITY AND SEVERABILITY

### Section 10.1   Confirmability and Severability of Plan.

Debtor reserves the right to alter, amend, modify, revoke, or withdraw the Plan. If Debtor revokes or withdraws the Plan, then nothing contained herein shall be deemed to constitute a waiver or release of any Claims by or against Debtor, or to prejudice in any manner the rights of Debtor or any Persons in any further proceedings involving Debtor. A determination by the Bankruptcy Court that the Plan is not confirmable pursuant to section 1129

of the Bankruptcy Code shall not limit or affect Debtor's ability to modify the Plan to satisfy the confirmation requirements of section 1129 of the Bankruptcy Code. Each provision of the Plan shall be considered severable and, if for any reason any provision or provisions therein are determined to be invalid and contrary to any existing or future law, the balance of the Plan shall be given effect without relation to the invalid provision, to the extent it can be done without causing a material change in the Plan.

**ARTICLE XI.**

**ADMINISTRATIVE PROVISIONS**

**Section 11.1   Retention of Jurisdiction.**

Notwithstanding confirmation of the Plan or occurrence of the Effective Date, the Bankruptcy Court may retain jurisdiction and authority for all purposes permitted under applicable law, including, without limitation to:

(a)     determine any motion, adversary proceeding, Cause of Action, application, contested matter, or other litigated matter pending on or commenced after the Confirmation Date;

(b)     ensure that Distributions to holders of Allowed Claims are accomplished as provided herein;

(c)     hear and determine objections to the allowance of Claims, whether filed, asserted, or made before or after the Effective Date, including, without limitation, to hear and determine objections to the classification of Claims and the allowance or disallowance of Disputed Claims, in whole or in part;

(d)     consider Claims or the allowance, classification, priority, compromise, estimation, or payment of any Claim;

(e)     enter, implement, or enforce such orders as may be appropriate in the event the Confirmation Order is for any reason stayed, reversed, revoked, modified, or vacated;

(f)     issue injunctions, enter and implement other orders, and take such other actions as may be necessary or appropriate to restrain interference by any Person with the consummation, implementation, or enforcement of the Plan, Confirmation Order or any other order of the Bankruptcy Court;

(g)     hear and determine any application to modify the Plan in accordance with section 1127 of the Bankruptcy Code, and to remedy any defect or omission or reconcile any inconsistency in the Plan, Disclosure Statement, or any order of the Bankruptcy Court in such a manner as may be necessary to carry out the purposes and effects of the Confirmation Order;

(h)     hear and determine all matters relating to the Assets;

(i)      hear and determine all Professional Fee Claims;

(j)      hear and determine disputes arising in connection with the interpretation, implementation, or enforcement of the Plan, Confirmation Order or any transactions or payments contemplated hereby or thereby, or any agreement, instrument, or other document governing or relating to any of the foregoing;

(k)      take any action and issue such orders as may be necessary to construe, enforce, implement, execute, and consummate the Plan, including any release, exculpation or injunction provisions set forth herein, or to maintain the integrity of the Plan following consummation;

(l)      determine such other matters and for such other purposes as may be provided in the Confirmation Order;

(m)      hear and determine matters concerning state, local, and federal taxes in accordance with sections 346, 505, and 1146 of the Bankruptcy Code;

(n)      enter a final decree closing the Chapter 11 Case;

(o)      recover any remaining Assets of Debtor and Estate;

(p)      hear and determine any matters for which jurisdiction was retained by the Bankruptcy Court pursuant to prior orders; and

(q)      hear and determine any other matters related hereto and not inconsistent with the Bankruptcy Code, title 28 of the United States Code, and other applicable law.

### Section 11.2   Governing Law.

Except to the extent the Bankruptcy Code, Bankruptcy Rules, or other federal laws apply, the rights and obligations arising under the Plan shall be governed by the laws of the State of New York, without giving effect to principles of conflicts of law of New York.

### Section 11.3   Effectuating Documents, Further Transactions.

Liquidating and Disbursing Agent shall be authorized to execute, deliver, file, or record such contracts, instruments, releases, and other agreements or documents, and take such actions as may be necessary or appropriate to effectuate and further evidence the terms and conditions of the Plan.

### Section 11.4   Waiver of Bankruptcy Rules 3020(e) and 7062.

Debtor may request that the Confirmation Order include (i) a finding that Bankruptcy Rule 7062 shall not apply to the Confirmation Order, and (ii) authorization to consummate the Plan immediately after entry of the Confirmation Order.

### Section 11.5    No Discharge.

Debtor will not receive a discharge under the Plan in accordance with section 1141(d)(3) of the Bankruptcy Code.

### Section 11.6    Headings.

The headings used in the Plan are inserted for convenience only, and neither constitute a portion of the Plan nor in any manner affect the meaning or interpretation of the Plan.

### Section 11.7    Payment of U.S Trustee Fees and Other Statutory Fees.

All fees payable pursuant to section 1930 of title 28 of the United States Code, as determined by the Bankruptcy Court on the Confirmation Date, shall be paid on the Effective Date.  Any statutory fees accruing after the Confirmation Date shall be paid in accordance with the Plan until the Bankruptcy Court enters an order (a) dismissing the Chapter 11 Case, (b) converting the Chapter 11 Case to a case under chapter 7 of the Bankruptcy Code, or (c) approving a final decree closing the Chapter 11 Case.

### Section 11.8    Governmental Carve-Out.

Nothing in the Plan or the Confirmation Order shall (i) effect a release of any Claim of, (ii) enjoin from bringing any Claim, suit, action or other proceedings by, or (iii) exculpate any party from any liability to, the United States Government or any of its agencies or any state or local government within the United States, arising under (v) the federal securities laws, (w) the Employment Retirement Income Security Act of 1974, as amended, (x) the Internal Revenue Code, (y) the environmental laws or (z) any criminal laws of the United States.

### Section 11.9 Disposal of Books and Records.

Debtor's or Liquidating and Disbursing Agent's rights, as applicable, to seek authorization from the Bankruptcy Court for the destruction of books and records prior to the expiration of any statutory period requiring that such records be maintained are preserved.

### Section 11.10 Unclaimed Property.

Except as otherwise provided herein, in the event any Creditor fails to claim any Distribution within three (3) months after the Distribution Date, such Creditor shall forfeit all rights thereto, and to any and all future payments, and thereafter the Claim for which such Cash was distributed shall be treated as a Disallowed Claim. In this regard, Distributions to Creditors entitled thereto shall be sent to their last known address as set forth on the proof of claim filed with the Bankruptcy Court or, if no proof of claim is filed, on the Schedules filed by Debtor or to such other address as may be designated by a Creditor in writing to Debtor and its counsel.  All unclaimed Cash shall be turned over to the clerk of the Bankruptcy Court.

**Section 11.11   Amendments.**

(a)      **Pre-Confirmation Amendment.**   Debtor may modify the Plan at any time prior to the entry of the Confirmation Order, provided the modified Plan and the Disclosure Statement pertaining thereto meet applicable Bankruptcy Code requirements, including those set forth in section 1125.

(b)      **Post-Confirmation Amendment Not Requiring Resolicitation.** After entry of the Confirmation Order, Liquidating and Disbursing Agent may modify the Plan to remedy any defect or omission or to reconcile any inconsistencies in the Plan or in the Confirmation Order, as may be necessary to carry out the purposes and effects of the Plan, provided: (i) Liquidating and Disbursing Agent obtains Bankruptcy Court approval of such modification, after notice and a hearing; and (ii) such modification shall not materially and adversely affect the interests, rights, or treatment of any Class under the Plan.

(c)      **Post-Confirmation Amendment Requiring Resolicitation.** After      the Confirmation Date and before the Effective Date of the Plan, Liquidating and Disbursing Agent may modify the Plan in a way that materially or adversely affects the interests, rights, treatment, or Distributions of a Class of Claims, provided: (i) the modified Plan meets applicable Bankruptcy Code requirements; (ii) Liquidating and Disbursing Agent obtains Bankruptcy Court approval for such modification, after notice to all creditors entitled to receive notice pursuant to the Bankruptcy Code and the Bankruptcy Rules and a hearing; (iii) such modification is accepted by at least two-thirds in amount, and more than one-half in number, of Allowed Claims voting in each Class affected by such modification; and (iv) Liquidating and Disbursing Agent complies with section 1125 of the Bankruptcy Code with respect to the modified Plan.

**Section 11.12  Successors and Assigns.**

The rights, benefits, and obligations of any Person named or referred to in the Plan shall be binding upon such Person and further shall inure to the benefit of the heir, executor, administrator, successor, or assign of such Person.

**Section 11.13  Confirmation Order and Plan Control.**

To the extent the Confirmation Order and/or the Plan is inconsistent with the Disclosure Statement or any other agreement entered into between Debtor and any third party, the Plan controls the Disclosure Statement and any such agreements, and the Confirmation Order controls the Plan.

**Section 11.14  Further Action.**

Nothing contained in the Plan prevents Liquidating and Disbursing Agent from taking such actions as may be necessary to consummate the Plan even though such actions may not specifically be provided for within the Plan.

**Section 11.15  Notices.**

Any notice required or permitted to be provided under the Plan, unless otherwise provided herein, shall be in writing and served by either (a) certified mail, return receipt requested, postage prepaid, (b) hand delivery, or (c) overnight delivery service, postage prepaid, and addressed as follows:

**For Debtor**:
Vernon Consulting, Inc.
344 East 65th Street, Apt. 3C
New York, New York 10065
Attention: Laura Patt

**Counsel to Debtor:**
Weltman & Moskowitz, LLP
270 Madison Avenue, Suite 1400
New York, New York 10016
Attention: Michael L. Moskowitz, Esq.

**United States Trustee:**
United States Trustee
United States Department of Justice
201 Varick Street, Room 1006
New York, New York 10014
Attn: Jeremy S. Sussman, Esq.

**Section 11.16  Substantial Consummation.**

On the Effective Date, the Plan shall be deemed substantially consummated under sections 1101 and 1127(b) of the Bankruptcy Code.

**Section 11.17  Deemed Acts.**

Whenever an act or event is expressed under the Plan to have been deemed done or to have occurred, it shall be deemed to have been done or to have occurred without any further act by any party, by virtue of the Plan and the Confirmation Order.

Dated: New York, New York
         December 9, 2020

                                        G.A.F SEELIG, INC.
                                        *Debtor/Debtor-in-Possession*


                                        By: */s/ Rodney P. Seelig*
                                        _____
                                                RODNEY P. SEELIG
                                                PRESIDENT